# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE              )
                              )
        v.                     )        I.D. No. 1608024954
                              )
LIAM M. SCHOFIELD              )
                              )
        Defendant.            )

Submitted: October 29, 2018
Decided: January 3, 2019

***Upon Defendant's Motion for Postconviction Relief***
**SUMMARILY DISMISSED**

***Upon Defendant's Request for Appointment of Postconviction Counsel***
**DENIED**

## ORDER

Upon consideration of the Motion for Postconviction Relief ("PCR Motion") filed by Defendant Liam M. Schofield ("Defendant"); Rule 61 of the Superior Court Criminal Rules of Procedure ("Rule 61"); the facts, arguments, and legal authorities set forth by Defendant; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.    On August 31, 2016, Defendant was arrested near the Delaware Technical Community College campus in Wilmington and charged with possession of several weapons, including a concealed loaded firearm. On October 24, 2016, a grand jury issued an indictment for seven felony offenses, including three counts of Carrying a Concealed Deadly Weapon, Possession of a Firearm by a Person

Prohibited, Possession of a Deadly Weapon by a Person Prohibited, Possession of Ammunition by a Person Prohibited, and Possession of a Weapon in a Safe School Zone ("Original Weapons Charges"). Defendant was appointed counsel.

2. Defendant filed a motion to suppress any and all evidence seized following the stop, seizure, and search of his person on August 31, 2016, which led to the Original Weapons Charges. Defendant subsequently retained new counsel ("Hearing Counsel"). After a hearing ("Suppression Hearing") on June 16, 2017, the Court found there was reasonable articulable suspicion for the stop and probable cause for the arrest on the Original Weapons Charges, and denied the motion to suppress.

3. Thereafter, Defendant terminated Hearing Counsel's representation and counsel was again appointed ("Defense Counsel").

4. On July 25, 2017, Defendant pled guilty to one count of Carrying a Concealed Deadly Weapon and one count of Possession of a Weapon in a School Zone. By Order dated July 25, 2017, effective July 12, 2017, a suspended sentence was imposed for the Original Weapons Charges and Defendant was placed on community-based supervision ("July 25, 2017 Sentencing Order").

5. Shortly after Defendant was released from Level V and placed on probation, during a home visit by Probation & Parole, Defendant was found to be in possession of a firearm and ammunition in violation of the terms of Defendant's

2

probation. On September 14, 2017, Defendant was committed in default of bail on the new weapons charges (Case ID No. 1709009074) ("New Weapons Charges").

6.    On February 22, 2018, Defendant filed a timely motion for postconviction relief as a self-represented litigant with regard to the July 25, 2017 Sentencing Order for the Original Weapons Charges. Defendant also filed a motion for appointment of postconviction relief counsel. By Order dated April 9, 2018, the Court granted Defendant's request for appointment of counsel ("Postconviction Counsel").

7.    On June 19, 2018, Defendant plead guilty to Possession of Ammunition by a Person Prohibited in connection with the New Weapons Charges. At that time, Defendant acknowledged that the conviction for the New Weapons Charges would operate as a violation of probation ("VOP") as a matter of law for the Defendant's probation on the Original Weapons Charges.

8.    On June 26, 2018, in connection with the plea agreement on the New Weapons Charges and resolution of the VOP, Postconviction Counsel withdrew the pending motion for postconviction relief in order to allow Defendant to focus on his mental health treatment and probation.

9.    Defendant was sentenced by Order dated July 31, 2018, effective September 14, 2017, in connection with the New Weapons Charges and the VOP on the Original Weapons Charges, to Level V with Level III GPS monitoring to follow.

Defendant was also required to participate in and successfully complete the Mental Health Court program.

10. On September 10, 2018, Defendant renewed his motion for postconviction relief by filing the PCR Motion that is currently before this Court. Defendant requested that the Court rule on the original motion that had been withdrawn. Defendant also filed a Motion for Appointment of Counsel.

11. Defendant is challenging the July 25, 2017 Sentencing Order on the grounds that he was denied the right to effective assistance of counsel in connection with his guilty plea on the Original Weapons Charges and at the Suppression Hearing.

12. Defendant filed the original motion for postconviction relief on February 22, 2018. Accordingly, the April 6, 2017 version of Rule 61 applies.[1]

13. Postconviction relief is a "collateral remedy which provides an avenue for upsetting judgments that have otherwise become final."[2]

14. To protect the finality of criminal convictions, the Court must consider the procedural requirements for relief set out under Rule 61(i) before addressing the merits of the motion.[3] Rule 61(i)(1) bars a motion for postconviction relief that is

---

[1] *See Washington v. State*, 2014 WL 4243590, at *2 (Del. Aug. 26, 2014) (applying the version of Rule 61 in effect when defendant originally filed his postconviction motion).
[2] *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990).
[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

filed more than one year from a final judgment of conviction.[4] This bar is inapplicable as Defendant's PCR Motion is timely.[5] Rule 61(i)(2) bars successive motions for postconviction relief.[6] This bar is inapplicable as this is Defendant's first postconviction motion. Rule 61(i)(3) bars relief if the postconviction motion includes claims that were not asserted in prior proceedings leading to the final judgment, unless the movant shows cause for relief from the procedural bars and prejudice from a violation of the movant's rights.[7] Moreover, Rule 61(i)(4) bars relief if the postconviction motion includes grounds for relief formerly adjudicated in any proceeding leading to the judgment of conviction, in an appeal, or in a postconviction proceeding.[8] Rule 61(i)(3) and 61(i)(4) are inapplicable because Defendant's claims for ineffective assistance of counsel could not have been raised on direct appeal.[9] The procedural requirements of Rule 61(i) are satisfied. Accordingly, the Court will address Defendant's PCR Motion on the merits.

---

[4] Super. Ct. Crim. R. 61(i)(1).

[5] The Court is considering the PCR Motion timely as the original motion was filed within the statutory period but was withdrawn by Postconviction Counsel prior to resolution. The PCR Motion is renewing the same claims that were raised in Defendant's original motion. Defendant's PCR Motion was referred to this judicial officer on October 10, 2018.

[6] Super. Ct. Crim. R. 61(i)(2).

[7] Super. Ct. Crim. R. 61(i)(3).

[8] Super. Ct. Crim. R. 61(i)(4).

[9] *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-

15. The standard used to evaluate claims of ineffective counsel is the two-prong test articulated by the United States Supreme Court *in Strickland v. Washington*,[10] as adopted in Delaware.[11] Under *Strickland*, Defendant must show that (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[12] Failure to prove either prong will render the claim insufficient.[13] The Court shall dismiss entirely conclusory allegations of ineffective assistance.[14] The movant must provide concrete allegations of prejudice, including specifying the nature of the prejudice and the adverse effects actually suffered.[15]

16. With respect to the first prong–the performance prong–the movant must overcome the strong presumption that counsel's conduct was professionally reasonable.[16] To satisfy the performance prong, Defendant must assert specific allegations establishing that counsel acted unreasonably as viewed against

---

settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").

[10] 466 U.S. 668 (1984).

[11] *Albury v. State*, 551 A.2d 53 (Del. 1988).

[12] *Strickland*, 466 U.S. at 687.

[13] *Id.* at 688; *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).

[14] *Younger*, 580 A.2d at 555; *Jordan v. State*, 1994 WL 466142, at *1 (Del. Aug. 25, 1994).

[15] *Strickland*, 466 U.S. at 692; *Dawson*, 673 A.2d at 1196.

[16] *Strickland*, 466 U.S. at 687–88.

"prevailing professional norms."[17] With respect to the second prong–the prejudice prong–Defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[18]

17. Defendant contends that Defense Counsel provided ineffective assistance of counsel in connection with Defendant's guilty plea on the Original Weapons Charges. Specifically, Defendant asserts that he was not mentally fit to plead guilty because Defendant had not taken his prescribed medication on the day the guilty plea was entered.

18. The sentence in this case was imposed pursuant to a Plea Agreement between the State and Defendant and signed by Defendant. Pursuant to Rule 11(c)(1) of the Superior Court Criminal Rules, the Court addressed Defendant personally in open court prior to Defendant's sentencing. The Court determined that Defendant understood the nature of the charges to which the plea was offered, including the mandatory minimum and maximum penalties provided by law. Defendant confirmed that his plea was voluntary, and not the result of force, threats, or promises apart from the plea agreement. Defendant acknowledged to the Court

---

[17] *Id.* at 688; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996) ("Mere allegations of ineffectiveness will not suffice.").

[18] *Ploof v. State*, 75 A.3d 811, 821 (Del. 2013) (quoting *Strickland*, 466 U.S. at 694).

7

that he discussed his case fully with Defense Counsel and was satisfied with Defense Counsel's representation.

19.     A defendant's statements to the Court during a plea colloquy are presumed to be truthful,[19] and pose a "formidable barrier in any subsequent collateral proceedings."[20] It is well-settled that in the absence of clear and convincing evidence to the contrary, a defendant is bound by the statements made during the plea colloquy and by his representations on the Truth-in-Sentencing Guilty Plea Form.[21]  A knowing and voluntary guilty plea waives any objection to alleged errors and defects that occur before entry of the plea,[22] even those of a constitutional dimension.[23]

20.     The record does not contain clear and convincing evidence that Defendant was not mentally fit to plead guilty.  To the contrary, the record reflects

[19] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) (citing *Bramlett v. A.L. Lockhart*, 876 F.2d 644, 648 (8th Cir. 1989)).

[20] *Somerville*, 703 A.2d at 632 (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)).

[21] *Colburn v. State*, 2016 WL 5845778, at *2 (Del. Oct. 5, 2016) (citing *Somerville*, 703 A.2d at 632); *Harmon v. State*, 2016 WL 4710006, at *3 (Del. Sept. 8, 2016); *Grayson v. State*, 2016 WL 2935027, at *3 (Del. May 16, 2016); *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016).

[22] *Muldrow v. State*, 2016 WL 4446610, at *2 (Del. Aug. 23, 2016); *Hobbs v. State*, 2016 WL 3751838, at *2 (Del. July 5, 2016); *Foote v. State*, 2012 WL 562791, at *1 (Del. Feb. 21, 2012); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *Downer v. State*, 543 A.2d 309, 312 (Del. 1988).

[23] *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015); *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015); *Wilson v. State*, 2010 WL 572114 (Del. Feb. 18, 2010); *Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004) (citing *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973)).

that Defendant had in fact taken his prescribed medication on the day Defendant entered his guilty plea in this case.

21. Defendant's assertions regarding his plea are conclusory and lack any factual support or citation to the record. Accordingly, Defendant's PCR Motion fails to overcome the formidable barrier of Defendant's statements during his guilty plea colloquy and on the Truth-in-Sentencing Guilty Plea Form, and fails to demonstrate ineffective assistance of counsel under the *Strickland* standard.

22. Defendant also contends that Hearing Counsel provided ineffective assistance of counsel at the Suppression Hearing. Specifically, Defendant asserts that Hearing Counsel failed to raise the argument that Defendant's Fourth Amendment rights were violated by the stop and search and failed to bring attention to inconsistencies in statements made by the arresting officer.

23. On a motion to suppress, the State bears the burden of establishing that the challenged search or seizure comported with the rights guaranteed to the defendant by the United States Constitution, the Delaware Constitution, or Delaware statutory law.[24] The burden of proof on a motion to suppress is proof by a preponderance of the evidence.[25] In order to detain someone, the officer need only

---

[24] *State v. Kang*, 2001 WL 1729126, at *3 (Del. Super. Nov. 30, 2001).
[25] *State v. Anderson*, 2001 WL 1729141, at *2 (Del. Super. Nov. 29, 2001).

9

have a reasonable articulable suspicion of criminal activity.[26] A custodial arrest must be supported by probable cause.[27]

24. This Court finds sufficient evidence on the record for a finding of reasonable articulable suspicion for the stop and probable cause for the arrest with respect to the Original Weapons Charges. Furthermore, the record does not indicate that Hearing Counsel failed to pursue potentially viable strategies or evidentiary challenges on Defendant's behalf. Accordingly, this Court finds that the allegations of ineffectiveness raised in Defendant's PCR Motion lack substantiated factual support on the record and, therefore, are insufficient to satisfy the *Strickland* standard.

25. This Court's examination of Defendant's PCR Motion and the contents relating to the judgment under attack plainly indicates that Defendant is not entitled to the requested relief. Accordingly, summary dismissal is appropriate.[28]

26. Rule 61(e) governs the appointment of counsel in postconviction proceedings. The Court has discretion[29] to appoint counsel for a first timely postconviction motion in a guilty plea case under Rule 61(e)(3) if:

---

[26] *State v. Biddle*, 1996 WL 527323, at *16 (Del. Super. Aug. 9, 1996), *aff'd* 1998 WL 379242 (Del. June 5, 1998).

[27] *Id.*, at *7.

[28] *See* Super. Ct. Crim. R. 61(d)(5).

[29] *See* Super. Ct. Crim. R. 61(e)(3). "The appointment of counsel under Superior Court Criminal Rule [61(e)(3)] is discretionary." *State v. Carpenter*, 2016 WL 3960290, at *2 (Del. Super. July 21, 2016).

10

(i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable;
(ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere;
(iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and
(iv) specific exceptional circumstances warrant the appointment of counsel.[30]

27. For the reasons previously set forth, this Court does not find that Defendant's PCR Motion raises a substantial claim that Defendant received ineffective assistance of counsel in relation to his guilty plea,[31] or that specific exceptional circumstances warrant the appointment of postconviction counsel.[32] Accordingly, Defendant fails to satisfy the requirements of Rule 61(e)(3).

**NOW, THEREFORE, this 3rd day of January, 2019, Defendant's Motion for Postconviction Relief is hereby SUMMARILY DISMISSED, and Defendant's request for appointment of postconviction counsel is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

---

[30] Super. Ct. Crim. R. 61(e)(3).
[31] Super. Ct. Crim. R. 61(e)(3)(ii).
[32] Super. Ct. Crim. R. 61(e)(3)(iv).